Debemos atender una querella presentada contra un abogado en la que se alega que su falta de diligencia ocasionó que se archivara sin peijuicio un caso de vicios de construcción ante el Tribunal de Primera de Instancia, Sala de Bayamón, en el que la querellante comparecía como parte demandante. Por los fundamentos esbozados a continuación, se censura enérgicamente al Ledo. Raúl O. Hernández González y se le apercibe de que en un futuro debe desempeñarse diligente y competentemente.
f—I
El licenciado Hernández González fue admitido al ejercicio de la abogacía el 18 de enero de 1991 y juramentó como notario el 21 de febrero de ese mismo año. En el 2007, la Sra. Marilie Rolón Velázquez presentó una queja en contra del licenciado Hernández González en la que alegó, en esencia, que contrató al querellado para que la representara en una acción civil sobre vicios de construcción, Caso Núm. DAC-2002-2916. Esta pensaba que el caso ante el Tribunal de Primera Instancia seguía su curso normal. Sin embargo, se enteró mediante un tercero que el caso fue desestimado en dos ocasiones. Ambas desestimaciones se debieron a incumplimientos del querellado con las órdenes emitidas por el foro primario y por incomparecencia a las *724 vistas señaladas. Alegó, además, que nunca se le notificó de las vistas que se celebrarían en el foro primario.
Por lo anterior, el 23 de septiembre de 2011, el Procurador General presentó una querella en contra del licenciado Hernández González. Se le imputó infracción de los Cánones 12,18 y 19 del Código de Ética Profesional, 4 LPRA Ap. IX:
Cargo I
El incumplimiento del licenciado Raúl O. Hernández González con las órdenes emitidas por el Tribunal de Primera Instancia para que contestara una Solicitud de Sentencia Sumaria y explicara su incomparecencia a ciertas vistas violentó las disposiciones del Canon 12 de Ética Profesional, 4 LPRA, Ap. IV, el cual exige que los abogados desplieguen todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de los casos.
Cargo II
El licenciado Raúl O. Hernández González faltó a los deberes de diligencia y competencia contemplados en el Canon 18 de Ética Profesional, 4 LPRA, Ap. IV, al no defender adecuadamente los intereses de su dienta Marilie Rolón Vázquez y permitir que, por sus actuaciones, el caso de ésta fuera desestimado con perjuicio.
Cargo III
El licenciado Raúl O. Hernández González violentó las disposiciones del Canon 19 de Ética Profesional, 4 LPRA, Ap. IV, al no informar a su dienta que su caso había sido desestimado. Querella, págs. 2-3.
El 27 de septiembre de 2011 se le notificó al letrado la querella y le concedimos un término de quince días, a partir del recibo de la notificación, para contestar la querella. Tras solicitar una prórroga, contestó la querella. Aceptó los hechos imputados con relación a la incomparecencia a dos vistas y el incumplimiento con las órdenes del tribunal de Primera Instancia. Con relación a la incomparecencia, argumentó que no recibió las notificaciones de señalamientos porque su buzón estaba ubicado en la Universidad de Puerto Rico, Recinto de Río Piedras, y durante el trámite hubo un conflicto huelgario. Por su parte, referente a la desestimación del caso, alegó que la desestimación fue sin *725 perjuicio, por lo que los derechos de la quejosa se habían preservado. También señaló que propuso a la querellante asumir los costos de tramitación de una nueva causa de acción, pero que esta prefirió sustituir su reclamación por una contra el abogado. Por último, resaltó varios atenuantes a su favor, tales como su buena reputación, su historial como abogado, que esta era su primera queja, que no medió ánimo de lucro, entre otros.
Luego de analizar la querella y la contestación del querellado, nombramos como Comisionada Especial a la Leda. Crisanta González Seda, quien celebró una vista en su fondo en la cual estuvo presente el querellado representado por su abogado y la Procuradora General Auxiliar, mas no la quejosa, a pesar de haber sido citada como testigo. Luego de los trámites de rigor, la Comisionada Especial rindió su Informe.
En el mismo se detalla que en el 2005, el licenciado Hernández González cerró su oficina privada porque aceptó dirigir la Compañía de Parques Nacionales de Puerto Rico. Esta entidad le permitió expresamente finalizar los tres o cuatro asuntos de su práctica privada que tenía pendientes. Entre los casos que mantuvo luego de cerrar su oficina se encontraba el de la quejosa.
La quejosa presentó la demanda en el 2002, representada por la Leda. Nancy Fonseca. No obstante, durante el descubrimiento de prueba surgieron varias diferencias entre ellas por lo que la licenciada Fonseca renunció a la representación legal. El 9 diciembre de 2003, el querellado presentó una moción mediante la cual asumió la representación legal del caso y solicitó la transferencia de una vista señalada para el 15 de diciembre de 2003. No surge del expediente notificación alguna del tribunal autorizando la transferencia de la vista. Llegado ese día, se llamó el caso pero ninguna de las partes compareció.
La próxima vista se señaló para el 4 de agosto de 2004. El querellado compareció y solicitó un término adicional para cumplir con los requerimientos del descubrimiento de prueba. El tribunal le concedió treinta días y señaló la *726 vista para el 1 de diciembre de 2004. A esa fecha, el licenciado Hernández González aún no había cumplido con las directrices del tribunal sobre el descubrimiento de prueba, por lo que recibió órdenes de hacer lo propio. Además, el foro primario le ordenó expresarse sobre una moción de solicitud de sentencia sumaria presentada por uno de los terceros demandados del pleito y señaló la vista para el 3 de febrero de 2005. El querellado no compareció ni cumplió con las órdenes del tribunal. Como consecuencia del comportamiento del licenciado Hernández González, el tribunal apercibió a la demandante que se desestimaría la demanda con perjuicio si no comparecía al nuevo señalamiento el 25 de mayo de 2005.
El querellado y la quejosa no comparecieron a esta vista por lo que, el 1 de junio de 2005, el Tribunal de Primera Instancia dictó Sentencia en la que desestimó la demanda sin peijuicio. El querellado presentó, oportunamente, una moción de reconsideración en la que excusó su comportamiento alegando que el buzón en el correo de la Universidad de Puerto Rico no estuvo accesible por un conflicto huelgario. No explicó por qué incumplió con las órdenes sobre descubrimiento de prueba. El tribunal reconsideró, dejó sin efecto la Sentencia y señaló una vista para el 24 de octubre de 2005. Otra vez, ni la demandante ni el querellado comparecieron. El 22 de diciembre de 2005, el foro primario dictó Sentencia una vez más desestimando el caso sin peijuicio.
En el 2006, la querellante recibió la notificación del tribunal que le informaba la desestimación del caso sin peijuicio. Por ello, esta envió una carta al licenciado Hernández González en la que informaba que se enteró por un tercero de lo ocurrido. En la misma, citó varios cánones de ética que consideraba que el querellado había violado. El letrado contestó la carta, admitió responsabilidad por sus actuaciones y ofreció pagarle los gastos legales de la reapertura y continuación del caso. Luego de esto, la querellante le escribió en tres ocasiones más, pero no surge del expediente que el licenciado Hernández González le haya contestado.
*727 I—I
 El Código de Ética Profesional recoge las normas mínimas de conducta que rigen a los miembros de la profesión legal. Este promueve un comportamiento ejemplar por parte de los abogados en el desempeño de su labor. In re García Aguirre, 175 DPR 433 (2009); In re Mulero Fernández, 174 DPR 18, 28 (2008); In re Colón Morera, 172 DPR 49, 56 (2007). En particular, el Canon 12, supra, impone al abogado el deber de tramitar las causas de forma responsable y con puntualidad. Además, también le exige desplegar todas las diligencias necesarias para asegurarse de que no se causen dilaciones indebidas en la tramitación y solución del caso. In re Vélez Báez, 176 DPR 201 (2009).
Por su parte, el Canon 18, supra, expone el deber de defender los derechos del cliente diligentemente, desplegando en cada caso el más profundo saber y habilidad. También, prohíbe que un abogado asuma la representación legal de un cliente cuando entiende que no tiene la capacidad para rendir una labor idónea y competente. Por tal razón, la inacción y el desinterés como patrón de conducta en la representación del cliente se consideran infracciones al Código de Ética Profesional. In re Plaud González, 181 DPR 874, 886-887 (2011); In re Mulero Fernández, supra, págs. 29-30; In re Cuevas Velázquez, 174 DPR 433 (2008); In re De León Malavé, 172 DPR 1036 (2008). Incluso, he-mos señalado como actuaciones negligentes que infringen este canon aquellas que puedan conllevar o conlleven la desestimación o el archivo de un caso. In re Zayas Nieves, 181 DPR 49, 55 (2011); In re Santos Rivera, 172 DPR 703, 709 (2007); In re Colón Morera, supra.
Por otro lado, el Canon 19, supra, dispone que el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que se le ha encomendado. In re Vilches López, 170 DPR 793 (2007). De igual forma, es norma reiterada que por *728 imperativo de este canon, el abogado tiene la obligación de informar a su cliente una vez se dicte sentencia en un caso que pone fin parcial o totalmente a la causa de acción. In re Montes Fuentes, 174 DPR 863 (2008); In re Colón Morera, supra; In re García Muñoz, 170 DPR 780 (2007). Es necesario destacar que el deber establecido en el Canon 19 es independiente del deber de diligencia. In re Muñoz, Morell, 182 DPR 738 (2011); In re Pujol Thompson, 171 DPR 683 (2007). Esta obligación comprende mantener informado al cliente de las gestiones realizadas y del desarrollo de estas, consultar las cuestiones que estén dentro del ámbito discrecional de la representación legal y cumplir con las instrucciones de los representados. In re Colón Morera, supra.
Por último, hemos reiterado que las determinaciones de hecho que un Comisionado Especial haga en un procedimiento disciplinario merecen nuestra deferencia. In re Soto Charraire, 186 DPR 1019 (2012); In re Deynes Soto, 164 DPR 327, 336 (2005). Consecuentemente, no alteraremos las determinaciones de hecho del Comisionado Especial a menos que medie pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba. In re Peña Peña, 153 DPR 642, 657 (2001); In re Astacio Caraballo, 149 DPR 790, 800 (1999).
h—1 i—1 I—i
Al evaluar la prueba presentada por la Oficina del Procurador General, la Comisionada Especial concluyó que el querellado incumplió con el deber establecido en el Canon 12, supra, de ser puntual en su asistencia, así como de ser conciso y exacto en el trámite y presentación del caso. Además, entendió demostrado que faltó a su obligación de desplegar las diligencias necesarias para asegurar que no hubiera dilaciones indebidas en la tramitación y solución del caso por sus incomparecencias e incumplimiento reiterado con las órdenes del tribunal.
*729 Con relación al Canon 18, supra, la Comisionada Especial determinó que desde los inicios del pleito, el querellado no actuó de forma diligente en la tramitación de los asuntos concernientes al mismo. Por último, sobre el citado Canon 19, la Comisionada Especial determinó como probado que el licenciado no mantuvo informada a su dienta de las incidencias del caso, pues no fue hasta después de la segunda desestimación que el querellado se comunicó con ella.
Como vimos anteriormente, es norma reiterada que este Tribunal no alterará las determinaciones de hecho del Comisionado Especial a menos que medie pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba. In re Soto Charraire, supra; In re Peña Peña, supra. Ya que en este caso no se configuró alguna excepción a esa norma, adoptamos las determinaciones de hecho del mismo y procedemos a sancionar al licenciado Hernández González.
IV
Al determinar la sanción disciplinaria que se impondrá a un abogado que haya incurrido en conducta contraria a los cánones de ética profesional, puede considerarse la buena reputación del abogado en la comunidad, su historial previo, si es su primera falta, si ninguna parte se ha visto pexjudicada, si se trata de conducta aislada, el ánimo de lucro que medió en su actuación, si hubo resarcimiento al cliente y cualesquiera otras consideraciones, ya sean atenuantes o agravantes, que medien con relación a los hechos. In re Quiñones Ayala, 165 DPR 138 (2005).
El Informe de la Comisionada Especial señala varias circunstancias atenuantes que pesan en el caso ante nos. A estos efectos, la Leda. Lourdes M. Méndez declaró durante las vistas sobre la buena reputación y el carácter del licenciado Hernández González mientras se desempeñó en la Compañía de Parques Nacionales de Puerto Rico. De igual forma, el Ledo. Fernando J. Rodríguez Caballero, actual *730 compañero de trabajo, testificó sobre la buena reputación del querellado en su grupo de trabajo como Procurador de la Oficina de Sustento de Menores en Carolina. Lo describió como un excelente profesional, estudioso y respetuoso de los procedimientos judiciales. La Leda. Joynette Torres, jefa de los Procuradores de la Administración para el Sustento de Menores, también coincidió en que el querellado es un buen abogado y responsable en su desempeño profesional en la agencia.
Además, el licenciado Hernández González aceptó desde el inicio del procedimiento que incurrió en infracciones éticas y que ofreció a la querellante sufragar los gastos legales en que se incurrieran para reactivar el caso y continuar con el mismo, pero esta no quiso aceptar. En ese momento, la querellante no había perdido su causa de acción, pues ambas desestimaciones fueron sin perjuicio. Tampoco se ha establecido que medió ánimo de lucro ya que el querellado no recibió honorarios por sus servicios. Por último, el abogado nunca ha sido objeto de otras querellas disciplinarias. Por lo anterior, la Comisionada Especial recomendó que este Tribunal considerara estos atenuantes, en especial, que es la primera falta del letrado y que se trata de un hecho aislado.
V
En mérito de lo antes expuesto y de los hechos probados ante la Comisionada Especial, concluimos que el licenciado Hernández González faltó a los deberes impuestos por los Cánones 12,18 y 19 del Código de Etica Profesional, supra. Sin embargo, consideramos positivamente que el letrado ha gozado de buena reputación dentro de nuestra profesión por más de veinte años y que durante ese período nunca se había enfrentado a un procedimiento disciplinario. Además, debemos destacar que el licenciado Hernández González aceptó los hechos que se le imputaron y que durante el procedimiento se mostró arrepentido por su conducta.
Examinado el Informe de la Comisionada Especial y, se *731 gún el historial profesional del abogado, se censura enérgicamente al licenciado Hernández González. Le apercibimos que, de repetirse en un futuro la conducta que dio curso a la presente querella, seremos más severos en nuestra sanción.

Se dictará sentencia de conformidad.